IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED HEALTHCARE SEVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SYNERGEN HEALTH, LLC, <br><br> Defendant. | § § § § § § § § § § § § | NO. 3:20-CV-00301-E |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss filed by defendant Synergen Health, LLC (Synergen) (Doc. 12). Having carefully considered the motion, the parties' briefing, and applicable law, the Court finds the motion should be granted in part and denied in part.

### BACKGROUND

The following is from the First Amended Complaint filed by plaintiffs United Healthcare Services, Inc. and UnitedHealthcare Insurance Company (collectively, UHC) (Doc. 1). UHC provides health insurance and administers health plan benefits to insureds or plan participants (members), pursuant to a variety of health care benefit plans. Providers submit claims for payment to UHC, and information, including the servicing provider's billing credentials, included on the claim forms is material to UHC.

Providers often employ companies to oversee their billing processes and act as their billing agents. Providers and their billing agents know that UHC relies on the accuracy of information in claim forms. By submitting a claim to UHC, a provider and its billing agent are affirming that the information in that claim is accurate and should be relied on by UHC.

1

Synergen is a revenue cycle management and billing company. It verifies demographics in claim submissions, submits (and resubmits) claims to payers (including UHC), provides software that integrates with practice management systems, creates reports, runs analytics, monitors payments and denials, and follows up with payers regarding the same. Synergen performed a variety of billing and revenue cycle management tasks for Next Health, LLC (Next Health), an entity created in 2014 to act as the parent company to a wide array of ancillary health care service businesses. Synergen kept a certain percentage of what Next Health collected from the claims that Synergen submitted to payers on Next Health's behalf.

In addition to the entities that were used to actually submit claims, Next Health owned and controlled dozens of other subsidiaries and affiliates, which it used to funnel kickbacks, disguised in various forms, to physicians who referred patients to Next Health for grossly-overpriced ancillary services. Synergen, which dealt with Next Health and its web of subsidiary entities as a single unit, created detailed daily, weekly, and monthly reports that analyzed all of Next Health's lab operations. Synergen identified when and how payers were implementing fraud, waste, and abuse prevention measures and helped Next Health formulate plans to circumvent those measures. Synergen then executed those plans by altering claims (or causing claims to be altered) and submitting the claims to UHC.

In 2015, Synergen submitted claims to UHC using the billing credentials of three Next Health subsidiary labs: United Toxicology, US Toxicology, and Medicus Laboratories. In 2016, Synergen submitted claims to UHC using billing credentials for two more Next Health entities: American Laboratories Group ("ALG") and True Labs.

In early September 2015, UHC began denying claims submitted to it by United Toxicology unless or until United Toxicology provided UHC with medical records supporting the claims.

2

Synergen alerted Next Health to the claim denials. Knowing it would not be able to provide supporting medical records, Next Health worked with Synergen to figure out a way around the denials. They agreed to stop submitting claims to UHC that used United Toxicology's billing credentials, and, from December 2015 to February 2016, Synergen knowingly submitted claims for United Toxicology lab services using US Toxicology's billing information. Synergen also fraudulently used Medicus's billing information to submit claims for lab services performed by United Toxicology.

By June 2016, UHC was denying claims submitted by United Toxicology, U.S. Toxicology, and Medicus due to member complaints and Next Health's inability to substantiate its services by providing medical records. Synergen worked with Next Health to create new billing profiles for two Next Health subsidiaries, ALG and True Labs. Thereafter, and through December 2016, Synergen knowingly submitted claims to UHC that falsely listed the billing information for ALG and True Labs when other labs had performed the testing.

Synergen also shared ways to circumvent payer investigations and denials with other client providers that sought payment from UHC. And, Synergen knowingly submitted claims to UHC for other providers that contained false information about the true costs of the services reflected, the provider who performed the services, the provider from whom the services were ordered, and the provider to whom UHC would be making payment.

In its complaint, UHC asserts claims for fraud and negligent misrepresentation against Synergen arising from Synergen's submission of claims to UHC. Synergen seeks dismissal of the claims under Federal Rule of Civil Procedure 12(b)(7) because UHC failed to sue Next Health and Next Health entities, which were "active participants" in the alleged scheme and, thus, indispensable parties in this action. Alternatively, Synergen moves for dismissal under Rule

12(b)(6) because (1) UHC failed to satisfy Rule 9(b)'s heightened pleading standard with regard to its allegations about "other providers," and (2) UHC's own allegations establish that its negligent misrepresentation claim is time barred.

### FAILURE TO JOIN NEXT HEALTH PARTIES

Rule 12(b)(7) authorizes dismissal of an action for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Under Rule 19, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … in that person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A).[1] If a necessary party cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id*. 19(b). A party seeking dismissal must prove that an absent party is both necessary under Rule 19(a) and indispensable under Rule 19(b). *See Payan v. Continental Tire North America, Inc.,* 232 F.R.D. 587, 589 (S.D. Tex. 2005).

According to Synergen, the Next Health parties are necessary parties to this action, in which UHC seeks "to hold Synergen—a third party billing entity—solely responsible for Next Health's alleged scheme." UHC, however, has already sued Next Health and a number of other parties for the fraudulent scheme in a lawsuit currently pending in this Court. *See UnitedHealthcare Insurance Company, et al. v. Next Health, et al.*, No. 3:17-cv-00234-E-BT (Next Health case). Thus, Synergen contends UHC is attempting to "hedge its bets and get a separate bite at the same apple … and present[] the same alleged harm and damages to different juries."

---

[1] Rule 19 also provides that a person must be joined if the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1)(B). Synergen, however, relies on section (a)(1)(A), asserting the Court "cannot accord complete relief" in the absence of the Next Health parties.

"It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *see* FED. R. CIV. P. 19(a) Advisory Committee Notes ("a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability").  In *Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394 (5th Cir. 1971), the Fifth Circuit found an exception in the case of an "active participant" in an alleged conversion of the plaintiff's stock by the defendant bank.  Specifically, the Fifth Circuit held that Glueck, who allegedly owned a one-half interest in the stock, was a necessary party to the action, which involved the bank's alleged conversion of the stock after it delivered it to a second bank as collateral for Glueck's loan. *Id.* at 398; *see Bates v. Laminack*, 938 F. Supp.2d 649, 660 (S.D. Tex. 2013) (noting *Haas* was decided on "'the adjudication of rights to a *res*' concept rather than creating an exception to the joint tortfeasor rule of dispensability").  The Fifth Circuit also concluded a subsidiary was a necessary party when the plaintiffs were seeking to impose liability on the parent company for the acts of the subsidiary, which was the "primary participant" in an alleged conversion of gravel.  *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985).

Despite Synergen's assertion otherwise, UHC does not seek to hold Synergen "solely responsible" for the conduct of the Next Health parties in this action.  And, the Court finds Synergen has not established exceptional circumstances, like those present in *Haas* and *Freeman*, to support deviating from the rule that joint tortfeasors need not be named as defendants in a single action.  Instead, the Court finds that it can accord complete relief as to UHC and Synergen in this action absent the Next Health parties.  *See* FED. R. CIV. P. 19(a).

Further, Synergen fails to show that the Next Health parties could not be joined without destroying subject matter jurisdiction.  *See Allstate Ins. Co. v. Plambeck*, No. 3-08-CV-0388-M,

2009 WL 347423, at *4–5 (N.D. Tex. Feb. 11, 2009) ("A prerequisite to a proper dismissal for failure to join an indispensable party is that the absent party, if added, would divest the court of subject-matter jurisdiction.") (citing *August v. Boyd Gaming Corp.,* 135 F. App'x, 731, 732 (5th Cir. 2005).  Although UHC filed this action against Synergen after the deadline for amending its complaint in the Next Health case had passed, that does not divest this Court of subject matter jurisdiction over the Next Health parties.  Indeed, the Court could, and perhaps should, consolidate the two actions.

Synergen also asserts that this action should be dismissed under the Fifth Circuit's "first to file" rule because it significantly overlaps with the issues currently being litigated in the Next Health case and, therefore, constitutes a waste of judicial resources and creates the danger of inconsistent judgments.  Under the "first to file" rule, when "related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *see also Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992) ("The same concern with avoiding duplicative litigation is present where similar suits have been filed in two courts within the same district").  However, the concerns addressed by the "first to file" rule are not present when the related cases are filed in the same court.  *See, e.g.*, *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, Nos. 02-1146-JVP-SCR & 05-262-JVP-SCR, 2006 WL 8432375, at *2 (M.D. La. Mar. 9, 2006); *Jones v. Singing River Health Servs. Found.*, No. 1:14-cv-447-LG-RHW, 2015 WL 12672726, at *3 (S.D. Miss. June 5, 2015) ("the concern of inconsistent, duplicative, or piecemeal rulings is removed when both cases are pending before the same judge").  Accordingly, the Court also declines to dismiss this action under the "first to file" rule.

6

**FAILURE TO STATE A CLAIM**

Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *see* FED. R. CIV. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). The court's review is limited to the pleadings, including attachments to the complaint, attachments to the motion if they are referred to in the complaint and central to the plaintiff's claims, and "matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Id.*; *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project*, 920 F.3d at 899.

A complaint alleging fraud also must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). FED. R. CIV. P. 9(b). Rule 9(b) "by its terms does not apply to negligent misrepresentation claims," but a court will apply its "heightened pleading requirements

7

when the parties have not urged a separate focus on the negligent misrepresentation claims." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003). Generally, Rule 9(b)'s "particularity" standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they are fraudulent." *Plotkin v. IF Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Benchmark Elecs.*, 343 F.3d at 724. Accordingly, a plaintiff must plead the "who, what, when, where, and how" of the fraud. *See United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

*1.*     *Rule 9(b)*

Synergen first asserts that UHC's claims, to the extent they relate to submissions on behalf of "other providers," must be dismissed for failing to comply with Rule 9(b)'s particularity requirements. The Court agrees.

In addition to specific allegations regarding Synergen's fraudulent and/or negligent submission to UHC of claims with US Toxicology, Medicus, ALG, and True Labs billing credentials, the complaint alleges that, "[u]pon information and belief, Synergen knowingly submitted many claims to UHC for other providers, which contained false information about "the provider who performed the services, the provider to whom the services were ordered from, and/or the provider to whom UHC would be making payment to … [and] the true cost of the services reflected in the claims" (Doc. 1, pp. 15-16). The complaint, however, alleges no facts to show the "who, what, when, where, and how" of any fraud or negligent misrepresentation related to any "other provider" as required under Rule 9(b)'s heightened pleading standard.

From the Court's review of the complaint's fraud and negligent misrepresentation counts, it is not clear that UHC intends to seek recovery based on claims Synergen submitted to UHC

8

using billing credentials for "other providers." However, if UHC intends otherwise, Synergen is entitled to dismissal of the fraud and negligent misrepresentation claims to the extent they are based on submissions to UHC using billing credentials for providers other than US Toxicology, Medicus, ALG, or True Labs. *See* FED. R. CIV. P. 9(b).

2.      *Statute of Limitations*

Synergen next contends that UHC's negligent misrepresentation claim must be dismissed because it is barred by the statute of limitations. A negligent misrepresentation claim is governed by a two-year statute of limitations. *See HECI Exploration Co v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). If the discovery rule applies, "it tolls accrual of a cause of action 'until a claimant discovers or in the exercise of reasonable diligence should have discovered the injury and that it was likely caused by the wrongful acts of another.'" *Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 530 (Tex. 2019) (quoting *Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998)).

>UHC pleaded the discovery rule in its complaint:
>
>Synergen submitted fraudulent claims to UHC for several years, but the nature of the misrepresentations made discovery of the fraud, and the resulting harm, very difficult. Despite its diligence, UHC did not discover the harm caused by its reasonable reliance on the false information included in the claims Synergen submitted to UHC until at least June 2016 for United Toxicology, US Toxicology, and Medicus claims and at least December 2016 for ALG and True Labs claims. The discovery rule applies to delay the accrual of UHC's causes of action accordingly.

(Doc. 1, p. 16). Thus, assuming the discovery rule applies to UHC's negligent misrepresentation claim, the statute of limitations expired in December 2018 at the latest, well before UHC brought this action.

In its response, UHC asserts the application of the discovery rule necessarily raises questions of fact, including primarily when UHC reasonably should have learned of Synergen's

9

involvement and how that involvement harmed UHC. According to UHC, it only learned of "Synergen's tortious conduct" and "the very existence of Synergen" in December 2018, when Next Health produced long-delayed discovery responses in the Next Health case under threat of sanctions. But limitations commences when a plaintiff learns of a wrongful injury, even if the plaintiff "does not yet know 'the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it.'" *Exxon Corp. v. Emerald Oil & Gas Co., L.C.,* 348 S.W.3d 194, 207 (Tex. 2011) (quoting *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners, Ltd. P'ship,* 146 S.W.3d 79, 93–94 (Tex. 2004)). "After being put on notice of the alleged harm or injury-causing actions, the claimant must exercise reasonable diligence to investigate the suspected harm and file suit, if at all, within the limitations period." *Id.*

If the allegations in a complaint "affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling," the complaint may be dismissed for failure to state a cause of action. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Here, UHC's complaint demonstrates that it learned of the harm caused by its reasonable reliance on the false information included in the claims by June 2016 for United Toxicology, US Toxicology, and Medicus claims and December 2016 for ALG and True Labs claims. Although it complains of Next Health's failure to timely respond to discovery, UHC does not allege in its complaint any facts to show Synergen took steps to conceal its identity such that the statute of limitations should be tolled. Accordingly, the Court finds UHC's negligent misrepresentation claim is barred by the statute of limitations and must be dismissed.

## CONCLUSION

For the reasons stated above, Synergen's Motion to Dismiss (Doc. 12) is **GRANTED in part** and **DENIED in part**.  The Rule 12(b)(7) motion to dismiss for failure to join the Next Health parties is **DENIED**.  The Rule 12(b)(6) motion to dismiss is **GRANTED**.

UHC's fraud claim is **DISMISSED** to the extent it is based on claims submitted to UHC using provider billing credentials other than those of US Toxicology, Medicus, ALG, or True Labs. UHC's negligent misrepresentation claim is **DISMISSED** in its entirety.

UHC did not alternatively request leave to amend in its response to Synergen's motion to dismiss, but the Court ordinarily permits a plaintiff one opportunity to replead following a first motion to dismiss.  *See Great Plains Trust, Co. v. Morgan Stanley Dean Witter and Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Accordingly, if UHC can, in good faith, replead its negligent misrepresentation claim to state a claim upon which relief can be granted, it may do so on or before March 4, 2021.  Otherwise, disposition of the claim will be converted into dismissal with prejudice.

SO **ORDERED**; signed February 11, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE