IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:20-cv-0301-E |
| v. | § § | |
| SYNERGEN HEALTH, LLC | § § | |
| Defendant. | § § | |

**SYNERGEN HEALTH, LLC'S RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

**LAURA REILLY O'HARA**
State Bar No. 00784694
**ELIZABETH F. GRIFFIN**
State Bar No. 24092450
**CLARK HILL PLC**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: 214.651.2250 (direct-O'Hara)
Telefax: 214.659.4094 (direct-O'Hara)
Email: lohara@clarkhill.com
Email: egriffin@clarkhill.com

**ATTORNEYS FOR DEFENDANT**

## **TABLE OF CONTENTS**

I. BACKGROUND ...........................................................................................................1

II. ARGUMENT AND AUTHORITIES.............................................................................2

    A. Plaintiffs' requests for all documents and information pertaining to labs other than the four labs are overbroad and not proportional to the needs of the case ..............................................................................................2

    B. Alternatively, Plaintiffs are only entitled to information which would show work done at United Technology and/or Sirius Laboratories which was billed through one of the four labs...................................9

    C. Synergen should be awarded its attorney's fees and costs and the Court should issue a protective order......................................................................10

    D. Conclusion ......................................................................................................11

CLARKHILL\D2829\392506\264007566.v5-9/9/21

# TABLE OF AUTHORITIES

**CASES**

*Abraham v. Alpha Chi Omega*,
  271 F.R.D. 556, 559 (N.D. Tex. 2010)) ........................................................................... 3, 4

*Apollo MedFlight, LLC v. BlueCross BlueShield of Tex.*,
  No. 2:18-CV-166-Z-BR, 2020 WL 520608, at *3 (N.D. Tex. Jan. 13, 2020) .................... 3

*Cook v. City of Dallas*,
  No. 3:12-CV-3788-N, 2017 WL 9534098, at *1 (N.D. Tex. Apr. 10, 2017) ............. 5, 6, 7

*Crosby v. La. Health Serv. & Indem. Co.*,
  647 F.3d 258, 264 (5th Cir. 2011) .................................................................................. 6, 9

*Heller v. City of Dallas*,
  303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014) ........................................................... 5

*Ins. Safety Consultants LLC v. Nugent*,
  No. 3:15-CV-2183-B, 2017 WL 10701817, at *5 (N.D. Tex. Mar. 21, 2017) ................. 10

*Janvey v. Proskauer Rose LLP*,
  No. 3:13-CV-477-N-BG, 2017 WL 11499756, at *3 (N.D. Tex. June 19, 2017) .............. 3

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404 (5th Cir. 1990) ............................... 5

*Lopez v. Don Herring Ltd.*,
  327 F.R.D. 567, 573 (N.D. Tex. 2018) ........................................................................ 3, 12

*MCR Oil Tools, LLC v. Spex Offshore, Ltd.*,
  No. 3:18-CV-731-X-BK, 2020 WL 5984424, at *7 (N.D. Tex. May 27, 2020) .............. 13

*Murphy v. Deloitte & Touche Grp. Ins. Plan*,
  619 F.3d 1151, 1163 (10th Cir. 2010) ............................................................................... 9

*Parker v. Bill Melton Trucking, Inc.*,
  No. 3:15-CV-2528-G-BK, 2017 WL 6554139, at *1 (N.D. Tex. Feb. 3, 2017) ................ 5

*Pierce v. Underwood*,
  487 U.S. 552, 565 (1988) ................................................................................................ 14

*Rotstain v. Trustmark Nat'l Bank*,
  No. 3:09-CV-2384-N-BQ, 2020 WL 6550501, at *4 (N.D. Tex. Nov. 6, 2020) ............ 2, 3

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*,
  321 F.R.D. 250, 284 (N.D. Tex. 2017) ..................................................................... passim

*State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*,
   No. 3:16-CV-2255-L, 2018 WL 3548866, at *6 (N.D. Tex. July 24, 2018) .................. 4, 6

*Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*,
   561 F.3d 377, 392 (5th Cir. 2009) ...................................................................................... 7

*UnitedHealthCare Servs., Inc., UnitedHealthCare Ins. Co. v. Next Health LLC et al.*,
   No. 5:17-cv-243 ................................................................................................................ 10

*Waste Mgmt. fo La. LLC v. River Birch, Inc.*,
   No. CV 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) .............................. 7

*Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*,
   328 F.R.D. 153, 161-62 (N.D. Tex. 2018) ................................................................. 12, 13

## **RULES**

Fed. R. Civ. P. 26(b)(1) ................................................................................................ 4, 6, 7

Fed. R. Civ. P. 26(b)(2)(C) ................................................................................................ 6

Fed. R. Civ. P. 26(b)(2)(C)(iii) ......................................................................................... 6

Fed. R. Civ. P. 26(c) ........................................................................................................ 12

Fed. R. Civ. P. 26(g)(1) .................................................................................................... 4

Fed. R. Civ. P. 26(g)(1)(B) ............................................................................................... 4

Fed. R. Civ. P. 26(g)(3) .................................................................................................... 4

Fed. R. Civ. P. 37(a)(5)(A) ............................................................................................. 13

Fed. R. Civ. P. 37(a)(5)(C) ............................................................................................. 12

Fed. R. Evid. 401 .............................................................................................................. 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:20-cv-0301-E |
| v. | § § | |
| SYNERGEN HEALTH, LLC | § § | |
| Defendant. | § | |

### DEFENDANT SYNERGEN HEALTH, LLC'S RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant Synergen Health, LLC ("Synergen") files this Response to Plaintiffs' Motion to Compel Discovery Responses (the "Motion") (ECF No. 46-1) and, in support thereof, would respectfully show the Court as follows:

## I.
## BACKGROUND

Plaintiffs seek to compel Synergen to produce documents and information pertaining to all Next Health labs, rather than just documents and information pertaining to the four labs through which it alleges Synergen submitted fraudulent claims: US Toxicology, Medicus, American Labs Group (ALG), and True Labs (collectively the "four labs"). In its order granting in part and denying in part Synergen's motion to dismiss, this Court dismissed Plaintiffs' claims to the extent they are based on submissions to UHC using billing credentials for providers *other than* the four labs. *See* ECF No. 24 at 11 ("UHC's fraud claim is DISMISSED *to the extent it is based on claims submitted to UHC using provider billing credentials other than those of US Toxicology, Medicus, ALG, or True Labs*. UHC's negligent misrepresentation claim is DISMISSED in its entirety.") (emphasis

PAGE 1

added). However, Plaintiffs seek to compel "discovery related to not just the four labs for which [this Court held Plaintiffs pursuit of recovery was limited to], but all Next Health labs[.]" ECF No. 46-1 at 3. Because Plaintiffs seek discovery related to claims this Court has dismissed, Plaintiffs' discovery requests are overbroad and not proportional to the needs of the case. Therefore, this Court should deny Plaintiffs' motion to compel in its entirety.

Alternatively, if the Court determines that Plaintiffs are entitled to discovery beyond the four labs, respectfully, the Court should limit Synergen's discovery obligations to collection, review, and production of documents and information pertaining only to a specified lab, if any, for which  Plaintiffs can affirmatively show a definitive link to one of the four labs that is relevant to their remaining claims in this case. At present, aside from the substantive issue of relevance, United Toxicology and Sirius Laboratories are the only additional labs specifically named in Plaintiffs' motion that they allege are connected to one of the four labs. Thus, even if the Court rejects Synergen's arguments on the scope of discovery being limited to the four labs, the Court should only expand the scope of discovery to include United Toxicology and Sirius Laboratories.

## II.
## ARGUMENT AND AUTHORITIES

**A.     Plaintiffs' requests for all documents and information pertaining to labs other than the four labs are overbroad and not proportional to the needs of the case**

To be discoverable, the information sought must be "nonprivileged, relevant, and proportional to the needs of the case." *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N-BQ, 2020 WL 6550501, at *4 (N.D. Tex. Nov. 6, 2020) (citing *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) (additional internal citations omitted)); *see also Janvey v. Proskauer Rose LLP*, No. 3:13-CV-477-N-BG, 2017 WL 11499756, at *3 (N.D. Tex. June 19, 2017) (same). Relevance and proportionality are related but distinct concepts. *Lopez v. Don*

**PAGE 2**

*Herring Ltd.*, 327 F.R.D. 567, 573 (N.D. Tex. 2018); *see also Apollo MedFlight, LLC v. BlueCross BlueShield of Tex.*, No. 2:18-CV-166-Z-BR, 2020 WL 520608, at *3 (N.D. Tex. Jan. 13, 2020).

"The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Rotstain*, 2020 WL 6550501 at *4 (citing *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010)) (additional internal citations omitted). This requires the requesting party to provide "facts or argument . . . demonstrating that the documents and communications make a consequential fact more or less probable." *Id.* (citing Fed. R. Evid. 401).

Additionally, "[t]he party seeking discovery is required in the first instance to comply with Rule 26(b)(1)'s proportionality limits on discovery requests [and to that extent,] is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify 'that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:…(B) with respect to a discovery request . . ., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action'; and faces Rule 26(g)(3) sanctions '[i]f a certification violates this rule without substantial justification.'" *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2018 WL 3548866, at *6 (N.D. Tex. July 24, 2018) (quoting Fed. R. Civ. P. 26(g)(1)(B), 26(g)(3); *Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

**PAGE 3**

While the party resisting discovery bears the burden of making a specific objection and showing that a request fails the proportionality calculation mandated by Rule 26(b), this District has acknowledged that to prevail on a motion to compel, the movant "may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 284 (N.D. Tex. 2017); *see also Parker v. Bill Melton Trucking, Inc*., No. 3:15-CV-2528-G-BK, 2017 WL 6554139, at *1 (N.D. Tex. Feb. 3, 2017) ("party seeking to compel…has the burden to demonstrate that the material sought is relevant.").

Further, a "district court has wide discretion to supervise discovery." *Cook v. City of Dallas*, No. 3:12-CV-3788-N, 2017 WL 9534098, at *1 (N.D. Tex. Apr. 10, 2017) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990)). For example, "[u]nder Rules 26(b)(1) and 26(b)(2)(C)(iii), *a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case*" considering the above *proportionality factors, even without a motion or objection.* State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc*., 3:16-CV-2255-L, 2018 WL 3548866, at *5 (N.D. Tex. July 24, 2018) (citing *Crosby v. La. Health Serv. & Indem. Co*., 647 F.3d 258, 264 (5th Cir. 2011)) (emphasis added); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 297 (N.D. Tex. 2017). In evaluating proportionality, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, [whether the discovery would be unreasonably cumulative or duplicative,] and whether the burden or expense of the proposed

discovery outweighs its likely benefit." *Cook v. City of Dallas*, No. 3:12-CV-3788-N, 2017 WL 9534098, at *1 (N.D. Tex. Apr. 10, 2017) (citing Fed. R. Civ. P. 26(b)(1), Fed. R. Civ. P. 26(b)(2)(C)).

Here, Plaintiffs' requests encompass documents and information regarding labs beyond the four labs (to which the Court expressly limited Plaintiffs' claims in its order granting in part Synergen's motion to dismiss) are not relevant, and therefore are overbroad. "The role of discovery . . . is to find support for properly pleaded claims, not to find the claims themselves." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009); *see also Samsung*, 250 F.R.D. at 280; *Waste Mgmt. of La. LLC v. River Birch, Inc.*, No. CV 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) ("Federal Rule of Civil Procedure 26(b)(1) makes clear that any discovery must be relevant to a party's claim or defense."). "Moreover, [t]he Committee Comments to [Rule 26] confirm that requiring relevance to a claim or defense signals to the court that it has the authority to *confine discovery to the claims and defenses asserted in the pleadings*, and signals to the parties that they have *no entitlement to discovery to develop new claims* or defenses that are not already identified in the pleadings." *Id.* (internal quotation marks omitted) (emphasis added). Dismissed claims are not live and therefore are not subject to discovery. *See Cook*, 2017 WL 9534098 at *3 (overbreadth and relevance objections sustained where request sought information pertaining to claims the court previously dismissed). Further, while discovery that is relevant to a party's claims may also support amendment of the pleadings to add a new claim that affects the scope of discovery, "'[t]he role of discovery . . . is to find support for properly pleaded claims, *not to find the claims themselves*.'" *Samsung*, 321 F.R.D. at 280 (emphasis added).

CLARKHILL\D2829\392506\264007566.v5-9/9/21

Plaintiffs assert the documents sought are relevant to their remaining claims, but it is clear from the pleadings and the Court' order that such expansive requests in fact seek broad swaths of data unrelated to the four labs in hopes of finding support for claims that this Court has already dismissed. In their motion to compel, Plaintiffs assert that their live allegations are that "Synergen billed through the four labs to trick UHC into paying claims it would have denied had it known the true sources of the claims," which Plaintiffs assert were "entities that performed the actual testing" and "a web of unlicensed 'sub labs' from which some services were ordered." ECF No. 46-1 at 4. However, the Court was well aware of these allegations when it issued its order granting in part Synergen's motion to dismiss and narrowing claims to submissions made through the four labs. ECF No. 24 at 8 ("In addition to specific allegations regarding Synergen's fraudulent and/or negligent submission to UHC of claims with [the four labs'] billing credentials, the complaint alleges that, '[u]pon information and belief, Synergen knowingly submitted many claims to UHC for other providers, which contained false information about the provider who performed the services, the provider to whom the services were ordered from, and/or the provider to whom UHC would be making payment to . . . [and] the true cost of the services reflected in the claims" (internal quotations omitted)). These are precisely the claims that the Court dismissed for failing "to show the 'who, what, when, where, and how' of any fraud or negligent misrepresentation related to any 'other provider[.]'" ECF No. 24 at 8.

Plaintiffs now seek overbroad discovery in hopes of finding the "who, what, when, where, and how" to support those dismissed allegations. But "Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (quoting *Murphy v. Deloitte & Touche*

*Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010)). This Court should not allow Plaintiffs to engage in such an expedition in search of evidence to support their dismissed claims.

While Plaintiffs provide examples of discovery they received thus far that purportedly supports their argument, the examples themselves belie Plaintiffs' assertion. By their own account, Plaintiffs' examples all allegedly show that Synergen billed work from other entities *through* the four labs: US Toxicology (Example 1), Medicus (Example 2), and ALG (Example 3). *See* ECF No. 46-1 at 4-7. Certainly, information that allegedly shows work done at other labs which was billed through one of the four labs—which includes US Toxicology, Medicus, and ALG—is relevant to Plaintiffs' live claims. *See* ECF No. 24 at 9 (*dismissing* claims "to the extent they are based on submissions to UHC using *billing credentials* for providers *other than* US Toxicology, Medicus, ALG, or True Labs.") (emphasis added). Synergen does not object to producing documents pertaining to any of the four labs. *See* ECF No. 46-1 at 3-4. But a blanket request for all documents related to all Next Health labs—including information using billing codes for entities other than the four labs—is overbroad because they do not support Plaintiffs' live claim: that Synergen allegedly fraudulently billed work done at other labs *through one of the four labs*.

Moreover, Plaintiffs' request is not proportional to the needs of the case. Synergen has already provided Plaintiffs with thousands of documents related to the labs listed in the Court's order granting in part Synergen's motion to dismiss (i.e., the labs that are the subject of Plaintiffs' claims), and asking Synergen to produce *all documents* pertaining to labs other than the four labs—even if some of those documents included allegedly fraudulent billing through other labs (which is denied)—is not proportional to the time, effort, and expense Synergen would have to expend in order to collect, review, and produce such documents. S*ee, e.g.*, *Ins. Safety Consultants LLC v. Nugent*, No. 3:15-CV-2183-B, 2017 WL 10701817, at *5 (N.D. Tex. Mar. 21, 2017) (motion to

compel denied without prejudice partly because request elicited both relevant and irrelevant information). Plaintiffs have failed to demonstrate how the documents they seek are proportional to the needs of the case, and it is unclear what the requested documents could even conceivably show that would aid the resolution of the live claims involving the four labs.

Finally, Synergen reiterates that it has made a good-faith effort and gone to great expense to produce all relevant documents responsive to Plaintiffs' voluminous electronic discovery requests. Additionally, Plaintiffs have prosecuted claims related to the facts at issue in this case for years in a separate case against Next Health, the four labs and others, before this Court. *See UnitedHealthCare Servs., Inc., UnitedHealthCare Ins. Co. v. Next Health LLC et al.*, No. 5:17-cv-243; *see also* ECF No. 5 ("Notice of Related Case"). Plaintiffs did not decide to bring suit against Synergen until 2020. ECF No. 1. After prosecuting these same basic claims for years in the other case, and propounding discovery to Next Health and its labs, Plaintiffs only now seek to compel information pertaining to all Next Health labs from Synergen.

Although Plaintiffs allude to the fact that Synergen did not originally object to producing documents related to all Next Health labs (ECF No. 46-1 at 3), Synergen produced those documents and responses in December 2020 when all of Plaintiffs' original claims against Synergen were still live. ECF No. 46-1 at 3–4. It was not until after the Court issued its order granting in part Synergen's motion to dismiss in February 2021 (ECF No. 24) that Synergen then objected to Plaintiffs' requests for documents and information related to all Next Health labs. ECF No. 46-1 at 3–4 ("[I]n subsequent responses, and during conferral on August 11, 2021, Synergen objected to producing additional materials related to labs other than the four.").

**PAGE 8**

Because Plaintiffs' requests for all documents and information related to all Next Health labs are overbroad and not proportional to the needs of the case, Synergen's objections should be sustained and Plaintiffs' Motion should be denied.

**B.    Alternatively, Plaintiffs are only entitled to information which would show work done at United Technology and/or Sirius Laboratories which was billed through one of the four labs.**

Alternatively, should the Court hold that Plaintiffs' discovery requests pertaining to Next Health labs other than the four labs are not overbroad and are proportional to the needs of the case, the Court should limit the expansion of the scope of discovery to United Toxicology and/or Sirius Laboratories. *See* *FED. R. CIV. P. 26(b)(1) (allowing courts to limit scope of discovery). In their motion to compel, Plaintiffs cite several examples which Plaintiffs assert show fraudulent conduct on the part of Synergen. Examples 1–3 purport to show that Synergen billed UHC for claims arising from United Technology and/or Sirius Laboratories through other labs—each one being one of the four labs. ECF No. 46-1 at 4–7. Plaintiffs' Example 4 simply purports to show that Synergen "performed an unsolicited analysis" for Next Health to try and create new outward-facing billing codes through which to bill claims. Plaintiffs' argument from Example 4 is merely speculation and conjecture. ECF No. 46-1 at 8.

Therefore, if the Court holds that Plaintiffs are entitled to a scope of discovery extending beyond claims billed through one of the four labs, that production should be limited to claims arising from work performed just at the specific labs Plaintiffs identified – namely, United Toxicology and/or Sirius Laboratories.

**PAGE 9**

## C. Synergen should be awarded its attorney's fees and costs and the Court should issue a protective order.

When dismissing Plaintiffs' Motion, Synergen respectfully asks the Court to issue a protective order and require that Plaintiffs pay Synergen's reasonable expenses incurred in opposing the Motion. *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 161-62 (N.D. Tex. 2018) (citing *Federal Rules of Civil Procedure 37(a)(5)(B) and 37(a)(5)(C) ("If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party…who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."); *see also Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 586 (N.D. Tex. 2018); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 286 (N.D. Tex. 2017).

Conversely, while Synergen maintains that Plaintiffs' Motion should be denied, if the Court is inclined to rule in Plaintiffs' favor, Synergen should not be required to pay Plaintiffs' attorney's fees. While a court would typically award attorney's fees to the movant after granting a motion to compel "[t]he court must not order this payment . . . if '(1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or *objection was substantially justified*; or (3) other circumstances make an award of expenses unjust.'" *MCR Oil Tools, LLC v. Spex Offshore, Ltd.*, No. 3:18-CV-731-X-BK, 2020 WL 5984424, at *7 (N.D. Tex. May 27, 2020) (citing Fed. R. Civ. P. 37(a)(5)(A) (emphasis added)); *see also Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 161 (N.D. Tex. 2018) (citations omitted); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 288 (N.D. Tex. 2017). "The United States Supreme Court has defined 'substantially justified' to mean . . . justified to a degree that could satisfy a reasonable person."

**PAGE 10**

*MCR Oil Tools, LLC v. Spex Offshore, Ltd.*, 3:18-CV-731-X-BK, 2020 WL 5984424, at *7 (N.D. Tex. May 27, 2020) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

As discussed above in Section II.A., Synergen's objections to production relating to all Next Health labs is substantially justified because the Court limited the scope of Plaintiffs' lawsuit when it dismissed claims pertaining to claims submitted to UHC using provider billing credentials other than those of the four labs. Synergen has been substantially justified in relying on its reasonable (and in its view, correct) interpretation of the Court's order granting in part and denying in part Synergen's motion to dismiss. Although Synergen believes, based on the case law and the circumstances before the Court, that Plaintiffs' Motion should be denied, even if the Court grants the Motion, Synergen should not be ordered to pay costs and fees incurred by Plaintiffs as such an award would be unjustified under the circumstances present here.

**D.     Conclusion**

Synergen does not object to producing documents pertaining to the four labs. Synergen simply asserts that it should not be required to search for, review, and produce documents that do not refer to any of the four labs. First, because information unrelated to the four labs is irrelevant to Plaintiffs' live claims in this case and could not support any claim based on the four labs, and thus is overbroad and not proportional to the needs of the case considering the importance of the discovery in resolving the issues. Second, because collecting and reviewing data related to any and all Next Health labs would require exponentially larger amounts of time and expense than collection and review of data related to the four labs, and thus would be unduly burdensome and not proportional to the needs of the case considering the amount in controversy, the parties' relative access to relevant information, the parties' resources, whether the discovery would be

unreasonably cumulative or duplicative, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

## PRAYER

For these reasons, Synergen respectfully requests that the Court deny Plaintiffs' Motion to Compel Discovery Responses in its entirety, award Synergen its attorney's fees incurred in opposing the Motion, and grant Synergen any other and further relief to which it may be justly entitled.

Dated: September 9, 2021          Respectfully submitted,

                            */s/ Laura Reilly O'Hara*
                            **LAURA REILLY O'HARA**
                            State Bar No. 00784694
                            **ELIZABETH F. GRIFFIN**
                            State Bar No. 24092450
                            **CLARK HILL STRASBURGER**
                            901 Main Street, Suite 6000
                            Dallas, Texas 75202
                            Telephone: 214.651.2250 (direct-O'Hara)
                            Telefax: 214.659.4094 (direct-O'Hara)
                            Email: lohara@clarkhill.com
                            Email: egriffin@clarkhill.com

                            **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2021, the above and foregoing pleading was filed using the court's ECF system and served on all counsel of record via the ECF system.

>  */s/ Laura Reilly O'Hara*
>  Laura Reilly O'Hara