UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED HEALTHCARE SERVICES INC. et al, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 3:20-CV-0301-X |
| SYNERGEN HEALTH LLC, | § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

United Healthcare Services, Inc., and UnitedHealthcare Insurance Company (collectively, "United") sued Synergen Health LLC ("Synergen"), alleging that Synergen worked with Next Health LLC ("Next Health") to defraud United. Synergen now renews its previously denied Motion to Designate Responsible Third Party, [Doc. 131]. For the reasons below, the Court **GRANTS** Synergen's motion.

### I.  Factual Background

In a previous order,[1] the Court denied without prejudice Synergen's Motion to Designate Responsible Third Party because Synergen's answer did not set forth facts alleging Next Health's responsibility in the fraudulent scheme.[2] In denying Synergen's motion, the Court allowed Synergen to amend its answer and re-file its

---

[1] *See* Doc. 127.  In a recent order concerning the same motion and summary-judgment motions, the Court outlined facts necessary to resolve those pending motions.  The Court's recount of this case's background facts in its previous order was detailed.  *See id.* at 1–3.  Another detailed recount of the facts is not necessary to resolve Synergen's pending motion to designate responsible third party.

[2] *Id.* at 15–17.

1

motion.[3]  Synergen did.[4]  In its amended answer, Synergen asserts facts claiming that Next Health was involved in the allegedly fraudulent scheme.[5]  Specifically, Synergen, in an alternative argument, asserts that, if it is liable for fraud to United, Next Health is responsible for "all or at least"[6] part of said fraud, on the account that Nexus Health made material misrepresentations to Synergen by "substitut[ting] the identity of the laboratory which performed the [allegedly fraudulent] services with another laboratory's billing information in order to facilitate [United]'s pay[ment] for the services."[7]  In response to Synergen's renewed motion, United has filed additional objections, [Doc. 133].  Synergen's motion is now ripe for review.

## II.   Analysis

Synergen moves to designate Next Health as a responsible third party.  In its motion, Synergen argues that (1) Chapter 33 of the Texas Civil Practice and Remedies Code allows a "responsible" third party to be joined in a suit,[8] (2) "responsibility" is to be determined by looking to the Texas Rules of Civil Procedure's pleading standard,[9] and (3) Synergen has satisfied the Texas Rule of Civil Procedure's standard in its amended answer.[10]

---

[3] *Id.* at 17.

[4] Doc. 130.

[5] *Id.* at 3–10.

[6] Doc. 130 at 11.

[7] *Id.* at 12.

[8] Doc. 131 at 2.

[9] *Id.*

[10] *Id.* at 3.

In response, United raises two points.  First, United argues that, as an evidentiary matter, Synergen's amended answer fails to satisfy the Texas Rule of Civil Procedure's pleading standard.[11]  Second, United argues that a motion to designate responsible third party's statutory hook, Chapter 33, does not apply in instances where a defendant is jointly and severally liable.[12]  The Court agrees with Synergen.

Under Texas law, "[a] defendant may seek to designate a person as a responsible third party."[13]  That designation, in turn, "obligates the trier of fact to assign a percentage of responsibility to each . . . defendant . . . and [responsible third party] with respect to each cause of action alleged."[14]  Federal courts in Texas allow parties to designate responsible third parties in diversity cases.[15]  The Texas Rules of Civil Procedure's text places the burden of proof as to why a court *shouldn't* allow parties to designate a third party on the Defendant.[16]  For instance, the Rules' two-part framework states that a court "shall grant" a defendant's motion to designate a responsible third party "unless the objecting party establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person . . . ; and

---

[11] Doc. 133 at 6–9.

[12] *Id.* at 9–10.

[13] TEX. CIV. PRAC. & REM. CODE § 33.004(a).

[14] *Estate of Pruitt v. Asphalt Zipper, Inc.*, No. 21-50717, 2022 WL 2826450, at *3 (5th Cir. July 20, 2022).

[15] *Davis v. Dall. Cnty.*, No. 3:07-CV-0318-D, 2007 WL 2301585, at *1 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.).

[16] *See* TEX. CIV. PRAC. & REM. CODE § 33.004(g).

(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person."[17]

Here, United's argument that Synergen has failed to adequately re-plead sufficient facts showing that Next Health is a "responsible" third party fails. After given the opportunity to re-plead, Synergen amended its answer.[18] In its amended answer, Synergen asserts the following facts:

- "Synergen further asserts that, if fraud was committed, it was committed by Next Health and that Next Health's fraud was the cause of all or at least a part of Plaintiffs' damages, if any, sought in this case."[19]

- "Synergen always believed that the claims were for legitimate services on behalf of United insured[s] and had no knowledge of any intent to defraud Plaintiffs."[20]

- "In early September 2015, Plaintiffs began denying claims submitted to them by United Toxicology unless or until United Toxicology provided Plaintiffs with medical records supporting the claims."[21]

- "Next Health determined, by itself, to stop submitting claims to Plaintiffs that used United Toxicology's billing credentials. Next Health also determined, by itself, to submit 'substance abuse' claims using Medicus's billing information."[22]

- "In early December 2015, Next Health decided, to change the billing information for the few thousand 'on hold' claims (i.e., UTSAS and UTSAC claims) from United Toxicology to Medicus Laboratories. Additionally, Next

---

[17] *Id.* § 33.004(g)(1)–(2). Under Texas law, the defendant's pleadings must "satisfy the pleading requirement of the Texas Rules of Civil Procedure." *Id.* § 33.004(g)(1). Although the parties dispute whether Texas or Federal pleading standards apply, the Court need not decide that issue here because Synergen's amended answer passes muster under both.

[18] Doc. 130.

[19] *Id.* at 11.

[20] *Id.* at 12.

[21] *Id.*

[22] *Id.*

Health determined, that moving forward claims for UHC specimens gathered by Sirius would be submitted to UHC using Medicus's billing information."[23]

- "To the extent Next Health's submission of claims through Synergen using billing credentials of labs that did not perform the testing services billed for constitutes a material misrepresentation, such misrepresentations were made solely by Next Health.   To the extent Next Health made such misrepresentations, Next Health knew the information it was providing was false and made them with the intent to induce Plaintiffs to pay for the testing services at issue.  If Plaintiffs justifiably relied on any misrepresentations, they relied on the misrepresentations of Next Health.  To the extent Plaintiffs suffered damages, such damages were caused by Next Health."[24]

United argues that many of these allegations in Synergen's amended complaint do not satisfy the Texas Rules of Civil Procedure's pleading standards because they are conditional in nature, *i.e.,* "Synergen further asserts that, *if* fraud was committed, it was committed by Next Health," which fails to put a party on notice of the accusations against it. [25]  United's conditionality argument fails.

Here, at base, United is suing Synergen for fraud.[26]  As is its right, Synergen's amended complaint pleads in the alternative against those allegations.[27] Under the Texas Rules of Civil Procedure, conditional statements are expressly allowed when pleading in the alternative.[28]  Although Synergen pleads Next Health's overall liability as a hypothetical, Synergen's amended answer expressly lists facts putting

---

[23] *Id.*

[24] *Id.* at 12–13.

[25] Doc. 133 at 3 (quoting Doc 130 at 11) (emphasis added) (internal quotation marks omitted).

[26] Doc. 1 at 16–17.

[27] Doc. 130 at 11–15; *see also id.* at 13 ("Pleading alternatively[.]").

[28] TEX. R. CIV. P. 48 ("A party may set forth two or more statements of a claim or defense alternatively or hypothetically.").

Next Health on notice of the possibility of liability.  For example, Synergen pleads that Next Health is responsible for "all or at least a part of Plaintiffs' damages" on the account of actions not limited to (1) refusing to "submit[] claims to Plaintiffs"; (2) "submit[ting] 'substance abuse' claims using [another laboratory's] billing information"; and (3) "chang[ing] the billing information for the few thousand 'on hold' claims . . . from United Toxicology to Medicus Laboratories."[29]  This *easily* satisfies the Texas Rules of Civil Procedure's pleading requirements, which require only that a party be on "fair notice" of the plaintiff's "allegations as a whole."[30]

United's final argument fairs no better.  United's final argument is a three-part argument, arguing first that United's complaint alleges that Synergen and Next Health "worked in concert to cause an indivisible injury to [United]."[31]  Second, United asserts that, because its claiming that United's harm stems from a single indivisible harmed conducted by two actors acting jointly, Synergen is jointly and severally liable to United.[32]  And third, because Synergen is jointly and severally liable, United argues, "the proportionate responsibility of Next Health is immaterial."[33]

This is a creative argument.  But what this argument supplies in creativity, it

---

[29] Doc. 130 at 11–12.

[30] *See* TEX. R. CIV. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole.").

[31] Doc. 133 at 9.

[32] *Id.*

[33] *Id.*

lacks in case law.  While United cites generally to cases discussing civil conspiracy, proportional liability, and joint and severable liability,[34] United does not cite a single case where a court denies a motion to designate responsible third party on the sole basis of joint and severable liability in the civil-conspiracy context.[35]  And because the Texas Rules of Civil Procedure place the burden of persuasion on the party objecting to a motion to designate responsible third party, United's lack of case law cannot carry its persuasive burden.

But setting this matter aside, the Court is unconvinced by United's argument that Synergen being potentially held jointly and severally liable for an underlying offense gives rise to a reason to deny a motion to designate a responsible third party. In fact, the statutory scheme seems to operate against that exact purpose.

Under Chapter 33, if the Court designates a party as a "responsible third party," that "party" will "be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages."[36]  But notably, a responsible third party is not liable to the plaintiff because they aren't really a party to the case— that is, "a finding of fault against the [responsible third party] . . . does not by itself impose liability on the [responsible third party] [and] may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory,

---

[34] *Id.* at 10.

[35] *Id.* at 9–11.

[36] *Coachmen Indus., Inc. v. Alternative Serv. Concepts L.L.C.*, No. CIV.A. H-06-0892, 2008 WL 2787310, at *1 (S.D. Tex. July 15, 2008) (describing Chapter 33's statutory scheme).

to impose liability on the [responsible third party]."[37]  Instead of imposing liability, "designation of a responsible third party could affect the amount of a plaintiff's recovery because a defendant 'is liable to a claimant only for the percentage of damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the . . . harm for which the damages are allowed.'"[38]  So the Court rejects United's argument that Synergen being potentially held jointly and severally liable for an underlying offense gives rise to a reason to deny a motion to designate a responsible third party.

In short, in resolving Synergen's motion, Texas law instructs this Court to answer one question in resolving this motion: Does Synergen's amended answer set forth "a short statement of the cause of action sufficient to give fair notice of the claim involved?"[39]  It does.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Synergen's Motion to Designate Third Party.  [Doc. 131].

---

[37] TEX. CIV. PRAC. & REM. CODE § 33.004(i).

[38] *Coachmen Indus., Inc.*, 2008 WL 2787310, at *1 (quoting TEX. CIV. PRAC. & REM. CODE 33.013(a)).

[39] TEX. R. CIV. P. 47(a).  Texas courts have interpreted their own pleading standard as being incredibly lenient.  *See In re Gonzales*, 619 S.W.3d 259, 263–64 (Tex. 2021) ("The statute thus presumes that motions for leave to designate named persons will be granted based on lenient pleading requirements.") (emphasis omitted); *James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 598, 608 (Tex. App.—Dallas 2010, no pet.) ("In defining fair notice and in measuring the adequacy of a pleading against that standard, Texas courts consistently indicate that to force a party to plead his entire case, with exactness, is not concordant with the spirit of the Rules governing pleading."); *Hays Cnty. v. Hays Cnty. Water Planning P'ship*, 69 S.W.3d 253, 258 (Tex. App.—Austin 2002, no pet.) ("Fair notice under the rules is met if an opposing attorney can ascertain the nature and the *basic issues* of the controversy from the pleadings." (emphasis added)).

**IT IS SO ORDERED** this 18th day of September, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE