UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED HEALTHCARE SERVICES INC. et al., § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 3:20-CV-0301-X |
| SYNERGEN HEALTH LLC, § § § § | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

United Healthcare Services, Inc., and UnitedHealthcare Insurance Company (collectively, "United") sued Synergen Health LLC ("Synergen"), alleging that Synergen worked with Next Health LLC ("Next Health") to defraud United. Synergen now moves to bifurcate punitive damages evidence into a second trial. [Doc. 138]. For the reasons below, the Court **GRANTS** Synergen's motion.

### I. Factual Background

At base,[1] United is alleging that Synergen and Next Health worked to defraud United. In a previous order, the Court granted Synergen's motion to designate Next Health as a responsible third party.[2] Synergen now moves to bifurcate punitive

---

[1] *See* Doc. 127. In a recent order concerning the same motion and summary-judgment motions, the Court outlined facts necessary to resolve those pending motions. The Court's recount of this case's background facts in its previous order was detailed. *See id.* at 1–3. Another detailed recount of the facts is not necessary to resolve Synergen's pending motion to bifurcate this trial.

[2] Doc. 137 (memorandum opinion in order granting Synergen's motion to designate responsible third party).

1

damages.[3] Synergen's motion is ripe for review.

## II. Analysis

The parties dispute whether to bifurcate the issue of punitive damages.[4] In arguing for bifurcation, Synergen first proposes that during the first phase of trial, the parties try only Synergen's liability on United's fraud claim, actual damages stemming from that liability, and United's liability as to punitive damages.[5] If the jury finds liability in the first phase of trial, Synergen argues that the parties should then try the amount of punitive damages in a second, separate trial.[6] Synergen argues bifurcation will avoid unfair prejudice and to preserve the Court's resources.[7] In response, United argues that one trial considering all liabilities and damages will not prejudice Synergen because the usual prejudicial elements requiring bifurcation are not present here[8] and that Synergen's bifurcation plan would be inefficient.[9] The Court agrees with Synergen.

Rule 42 of the Federal Rules of Civil Procedure govern the bifurcation and consolidation of trials. Notably, by stating that "the court *may* order" bifurcation,[10]

---

[3] Doc. 138.

[4] *See generally* Docs. 138, 141.

[5] Doc. 138 at 5.

[6] *Id.* at 6.

[7] *Id.* at 8.

[8] Doc. 141 at 4–6

[9] *Id.* at 6–9.

[10] FED. R. CIV. P. 42(b) (emphasis added) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.").

2

Rule 42(b)'s text gives the trial court discretion in determining whether to bifurcate a trial.[11] Although a court has "sole discretion" in its decision to bifurcate, in determining whether a case should be bifurcated, the Rules instruct courts to consider three factors: (1) convenience, (2) prejudicial effect, and (3) efficiency.[12] While rule statements and factors are helpful to this Court in determining the outcome of this motion, a case is better.

The Supreme Court of Texas's decision in *Transportation Insurance Co. v. Moriel*[13] is helpful in determining whether to bifurcate this trial.[14] In *Moriel*, an employee sued his employer for a work-place-related injury.[15] Strictly speaking, the *Moriel* court determined that "evidence of a defendant's net worth . . . is generally relevant only to the *amount* of punitive damages."[16] Due to this, the court promulgated a bifurcation model similar to the one Synergen has advanced in its motion.[17] First, the jury "hears evidence relevant to liability for actual damages, the

---

[11] In addition to the Rules, case law gives the trial court "sole discretion" in determining the issue of bifurcation. *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 (5th Cir. 1992) ("A motion to bifurcate is a matter within the sole discretion of the trial court, and we will not reverse the court's decision absent an abuse of that discretion.").

[12] FED. R. CIV. P. 42.

[13] 879 S.W.2d 10 (Tex. 1994).

[14] Sure, "[f]ederal courts apply federal procedural law and state substantive law when sitting in diversity." *Bituminous Cas. Corp. v. Buckley*, 348 Fed. App'x 23, 25 (5th Cir. 2009) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)). But many federal courts in this district have applied *Moriel* when determining the issue of bifurcation in federal court. *See, e.g.*, *In re Voluntary Purchasing Groups, Inc. Litig.*, No. 3:96-CV-1929-H, 2004 WL 86292, at *1 (N.D. Tex. Jan. 15, 2004) (Sanders, J.) ("The Court finds *Moriel* instructive, and adopts this schema in the instant case.").

[15] *Moriel*, 879 S.W.2d at 13.

[16] *Id.* at 30.

[17] *Id.*

amount of actual damages, and liability for punitive damages (e.g., gross negligence), and then returns findings on these issues."[18] Assuming the jury finds liability, in Texas, "the same jury is then presented evidence relevant only to the amount of punitive damages, and determines the proper amount of punitive damages, considering the totality of the evidence presented at both phases of the trial."[19] The *Moriel* court reasoned that this bifurcation model "eliminates the most serious risk of prejudice, while minimizing the confusion and inefficiency that can result from a bifurcated trial."[20]

The Court finds *Moriel* persuasive here. As an initial matter, Synergen advances the same bifurcation model that the Texas Supreme Court approved in *Moriel*. And like in *Moriel*, this model will assist in the Court in eliminating prejudice. This is because, from an evidentiary standpoint, Synergen's net worth isn't relevant to whether Synergen committed fraud, to calculate the damage to United, or to determine if Synergen is liable for punitive damages. By contrast, if this trial wasn't bifurcated, evidence of Synergen's net worth may prejudice the jury on the issues of Synergen's underlying liability and compensatory damages.

In attempting to argue that evidence of Synergen's net worth is not prejudicial as to the issues of substantive liability and compensatory damages, United advances a "Robin Hood" argument—that is, United argues that, because it's a bigger business

---

[18] *Id.*

[19] *Id.*

[20] *Id.*

4

than Synergen (and thereby an unsympathetic plaintiff), there is no risk of a prejudicial effect. But this argument fails. United's Robin Hood argument is somewhat of a red herring. Simply stated, it's a red herring because United's net worth is not a factor at all in deciding any issue in this trial. The Court won't take a non-issue at trial, such as United's net worth, and make it a key focus in deciding whether this trial should be bifurcated.

Judicial economy is a further factor in favor of bifurcation. If the Court did not bifurcate, the jury would hear punitive damage evidence even if the jury finds no liability for actual damages or punitive damages. But with bifurcation, the jury will only hear punitive damage evidence if it needs to assess an amount of punitive damages. On balance, avoiding prejudice to Synergen and judicial economy both favor bifurcation.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Synergen's Motion to Bifurcate. [Doc. 138].

**IT IS SO ORDERED** this 4th day of October, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE